UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        No. 21-mj-30181

-vs-

D1 – Jimmie Konja,
D2 – Adrian Konja,

        Defendants.
_____/

**GOVERNMENT'S MOTION TO ADJOURN PRELIMINARY HEARING AND FOR DETERMINATION OF EXCLUDABLE DELAY UNDER THE SPEEDY TRIAL ACT AND SUPPORTING BRIEF**

The United States of America, by and through its undersigned attorneys, move for an adjournment of the preliminary hearing and an ends-of-justice continuance under the Speedy Trial Act. In support, the government states as follows:

1. Defendants were arrested on the criminal complaint in this case on April 20, 2021, and they made their initial appearance on the criminal complaint on April 20, 2021. Defendants were both released on a $10,000 unsecured bond. The preliminary hearing is currently scheduled to take place on May 11, 2021

2.     The government and defendants are engaged in preindictment plea negotiations that may result in a plea agreement which will eliminate the need for this Court to conduct a preliminary hearing.  A preindictment plea agreement will also provide that defendants waive their right to be prosecuted by indictment and thus eliminate the need for the government to seek an indictment and consume grand jury resources.  In addition, a preindictment plea agreement will also eliminate the need for a trial.

3.     A part of the plea negotiations involves defense counsels' assessment of the government's case against defendants.  This assessment requires that defense counsel have the reasonable time necessary to adequately review the discovery provided and/or about to be provided by the government to them and then confer with defendants.  The discovery includes the following categories of evidence: Voluminous evidence seized in a recent search of the defendants' business including, financial records, computers, prepaid gift cards, and other records.  In addition, there are numerous financial records and related documents that have been collected during the investigation.

4.     In light of the above, the government submits that there is good cause to adjourn the preliminary hearing.  Moreover, defendants have consented to this adjournment, and the adjournment sought is fairly limited.  *See* Fed. R. Crim. P.

5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

5. In addition, in light of the above, the government submits that the ends of justice served by a continuance of the 30-day arrest-to-indictment period under the Speedy Trial Act will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed: . . . (7) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy [indictment]."). Such a continuance would allow the parties to continue their preindictment plea negotiations without strict time constraints and pursue an expeditious and fair resolution of the government's prosecution of defendant. It would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a preliminary hearing and in the conservation of grand jury and prosecutorial resources by eliminating the need for defendant to be

prosecuted by way of a grand jury indictment. And it would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a trial.

6. Accordingly, the government requests that this Court find there is good cause to adjourn the preliminary hearing in this case and order that the preliminary hearing be adjourned until June 9, 2021  The government also requests that this Court find, based on the information and explanation set forth above, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendants in a speedy indictment. The government requests that this ends-of-justice continuance begin on the date of this motion and continue through June 9, 2021 and that that period be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

7.      Defense counsel, Walter Piszczatowksi and Brian M. Legghio, have reviewed this motion and do not oppose it.

                                      Respectfully submitted,

                                      Saima S. Mohsin
                                      Acting United States Attorney

                                      <u>s/Karen Reynolds</u>
                                      Karen Reynolds  P31029
                                      Assistant United States Attorney
                                      211 W. Fort Street, Suite 2001
                                      Detroit, MI  48226
                                      karen.reynolds@usdoj.gov
                                      (313) 226-9672

Dated:  May 10, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        No. 21-mj-30181

-vs-

D1 – Jimmie Konja,
D2 – Adrian Konja

        Defendants.
_____/

**ORDER**

This matter coming before the Court on the Government's Motion to Adjourn Preliminary Hearing and for Determination of Excludable Delay under the Speedy Trial Act, and defense counsel having indicated that they do not oppose the motion, for the reasons stated in the government's motion, the motion is granted.

The Court finds, based on the information and explanation set forth in the government's motion, that there is good cause to adjourn the preliminary hearing in this case and orders that it be adjourned to June 9, 2021. *See* Fed.R. Crim. P. 5.1(d).

In addition, for the reasons stated in the government's motion, the Court finds, based on the information and explanation set forth in the government's

motion, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7). Accordingly, the Court grants a continuance until June 9, 2021, and orders that the period from May 11, 2021 to June 9, 2021 be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

                                                                   s/ Patricia T. Morris
                                                                   Patricia T. Morris
                                                                   United States Magistrate Judge

Dated: May 10, 2021