United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

Case No. 21-mj-30181

v.

D-1 – Jimmie Konja
D-2 – Adrian Konja,

    Defendants.

## Stipulation and Proposed Order to Adjourn the Preliminary Hearing and Find Excludable Delay

The parties stipulate and jointly move for an adjournment of the preliminary hearing and an ends-of-justice continuance under the Speedy Trial Act. In support, the parties state as follows:

Defendants made their initial appearance on the criminal complaint in this district on April 20, 2021. The defendants were released on bond with various conditions. The preliminary hearing is scheduled to take place on December 21, 2021.  The parties are looking to adjourn that date by approximately 60 days to February 21, 2022.

Counsel for the defendants have contacted the government and requested initial discovery, which will enable the parties to explore the possibility of

negotiating a pre-indictment resolution. If the parties' negotiations result in a plea agreement, this will eliminate the need for this Court to conduct a preliminary hearing. Any pre-indictment plea agreement will also provide that defendants waive their right to be prosecuted by indictment and thus eliminate the need for the government to seek an indictment and consume valuable grand jury resources. In addition, reaching a pre-indictment plea agreement would also eliminate the need for a trial.

In light of the above, the parties submit that there is good cause to adjourn the preliminary hearing. Moreover, defendants have consented to this adjournment, and the adjournment sought is of a limited duration. *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

In addition, in light of the above, the parties submit that the ends of justice served by a continuance of the 30-day arrest-to-indictment period under the Speedy Trial Act will outweigh the best interest of the public and the defendants in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed: . . . (7) Any period of delay resulting from a continuance

granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy [indictment]."). Such a continuance would allow the parties time to engage in both initial discovery review and pre-indictment plea negotiations without strict time constraints, and pursue an expeditious and fair resolution of the government's prosecution of the defendants. It would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a preliminary hearing and in the conservation of grand jury and prosecutorial resources by eliminating the need for the defendant to be prosecuted by way of a grand jury indictment. And it would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a trial.

Accordingly, the parties request that this Court find there is good cause to adjourn the preliminary hearing in this case and order that the preliminary hearing be adjourned until February 21, 2022. The government also requests that this Court find, based on the information and explanation set forth above, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment.

The parties request that this ends-of-justice continuance begin on December 21, 2021, and continue through February 21, 2022, and that that period be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

| | |
|---|---|
| *s/Karen Reynolds* | *s/Walter Piszczatowksi (w/ consent)* |
| Karen Reynolds | Walter Piszczatowski |
| Assistant United States Attorney | Attorney for Jimmie Konja |
| 211 W. Fort Street, Suite 2001 | Hertz, Schram |
| Detroit, MI 48226 | 1760 S. Telegraph Rd., Ste. 300 |
| karen.reynolds@usdoj.gov | Bloomfield Hills, MI 48302-0183 |
| (313) 226-9672 | wallyp@hertzschram.com |
| | (248) 335-5000 |

*s/Brian M. Legghio (w/consent)*
Brian M. Legghio
Attorney for Adrian Konja
Suite 2200 Penobscot Bldg.
645 Griswold St.
Detroit, MI 48226
blegghio@legghiolaw.com
(313) 466-8300

Date: December 20, 2021

United States District Court
Eastern District of Michigan

United States of America,

          Plaintiff,

v.

D-1 – Jimmie Konja
D-2 – Adrian Konja,

          Defendants.

Case No. 21-mj-30181

---

### Order Adjourning the
### Preliminary Hearing and Finding Excludable Delay

---

The Court has considered the parties' stipulation and joint motion to adjourn the preliminary hearing, for a continuance of the 30-day Speedy Trial Act arrest-to-indictment period, and for a finding that the time period from December 21, 2021, to February 21, 2022 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

The reasons for the parties' request include: Counsel for the defendant has contacted the government and requested initial discovery, which will enable the parties to explore the possibility of negotiating a pre-indictment resolution. The

government is also preparing initial Rule 11 plea offers for the defendants' consideration. If the parties' negotiations result in plea agreements, this will eliminate the need for this Court to conduct preliminary hearings.

Based on those reasons described in the parties' submission, the Court finds that there is good cause to adjourn the preliminary hearing in this case and orders that it be adjourned to February 21, 2022. *See* Fed.R. Crim. P. 5.1(d).

In addition, for the reasons stated in the parties' submission, the Court finds that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7). Accordingly, the Court grants a continuance until December 21, 2021, and orders that the period from December 21, 2021 to February 21, 2022 be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

                                                   s/David R. Grand
                                                   David R. Grand
                                                   United States Magistrate Judge

Dated: 12/22/21